```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
VELBERT PERRY, JR., and
FLOR PERRY,                                 17-CV-8995

                    Plaintiffs,             CIVIL COMPLAINT

     -against-                              PLAINTIFFS DEMAND
                                            TRIAL BY JURY
METRO-NORTH COMMUTER RAILROAD,
and THE CITY OF YONKERS

                    Defendants.
------------------------------------X
```

Plaintiffs, complaining of defendants, by their attorneys, The Law Office of Philip P. Vogt, PLLC., respectfully shows to this Court and alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION BY PLAINTIFF VELBERT PERRY, JR. AGAINST DEFENDANT METRO-NORTH COMMUTER RAILROAD

**FIRST:** The action herein arises under the Federal Employers' Liability Act, Title 45, United States Code Annotated, §§51-60, as hereinafter more fully appears.

**SECOND:** At all times herein mentioned, the defendant METRO-NORTH COMMUTER RAILROAD was a railroad corporation organized and existing under and by virtue of the laws of the State of New York.

**THIRD:** At all times herein mentioned, the defendant METRO-NORTH COMMUTER RAILROAD was and still is doing business in the City, County and State of New York.

**FOURTH:** At all times herein mentioned, the defendant METRO-NORTH COMMUTER RAILROAD was and now is a common carrier by rail engaged in interstate commerce between different states in

1

the United States.

**FIFTH:** On March 20, 2017, and for some time prior thereto, plaintiff VELBERT PERRY, JR. was in the employ of defendant METRO-NORTH COMMUTER RAILROAD in the capacity of Traveling Custodian.

**SIXTH:** On March 20, 2017 plaintiff VELBERT PERRY, JR. was working at the Ludlow Metro-North Railroad Station, Yonkers, New York.

**SEVENTH:** On the date aforesaid, defendant METRO-NORTH COMMUTER RAILROAD owned the Ludlow Metro-North Railroad Station.

**EIGHTH:** On the date aforesaid, defendant METRO-NORTH COMMUTER RAILROAD occupied the Ludlow Metro-North Railroad Station.

**NINTH:** On the date aforesaid, defendant METRO-NORTH COMMUTER RAILROAD controlled the Ludlow Metro-North Railroad Station.

**TENTH:** On the date aforesaid, while plaintiff VELBERT PERRY, JR. was working at the Ludlow Metro-North Railroad Station he was caused to slip and fall on black ice upon the roadway of Ludlow Street directly in front of the staircase leading to the southbound station platform, which ice had formed in a path cleared in the bank of snow lining the Ludlow Street roadway at the edge of the southerly public sidewalk as a result of the melting and refreezing of the snow of the snow bank adjacent to the path and he was caused to be hurt and injured by and because of the negligence of defendant, its agents, servants and/or employees, and he thereby sustained severe and painful injuries.

2

**ELEVENTH**: Plaintiff VELBERT PERRY, JR.'s duties generally in defendant METRO-NORTH COMMUTER RAILROAD's employ were substantially in furtherance of interstate commence, and directly, closely and substantially affected such commerce.

**TWELFTH**: At the time of the said accident, plaintiff VELBERT PERRY, JR. was engaged in duties for defendant METRO-NORTH COMMUTER RAILROAD in furtherance of interstate commerce, said duties directly, closely and substantially affecting such commerce.

**THIRTEENTH**: Said occurrence and the injuries resulting therefrom were the result of the negligence of defendant METRO-NORTH COMMUTER RAILROAD, its agents, servants and employees in the following respects: in that employees of defendant were careless and negligent in the performance of their duties; in that defendant's employees were negligent in the operation and work of defendant's railroad business; in that defendant maintained its railroad equipment in an improper, defective and dangerous condition; in that defendant failed to provide plaintiff with a safe place in which to work and with safe equipment with which to work; in that employees of defendant failed to take proper precautions to prevent the accident sustained by plaintiff; in that defendant failed to make proper and adequate provision for the safety of plaintiff; in that defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work and operation of its railroad; in failing to guard against those risks and/or dangers which defendant knew or by the exercise of due care should have known;

3

in failing to exercise reasonable care to provide plaintiff with a safe place to work, reasonably safe conditions in which to work and reasonably safe tools and equipment; in failing to inspect the place of work and work procedure; in failing to exercise reasonable care in assigning this particular task to plaintiff; in failing to consider the plaintiff's particular physical condition before assigning the tasks to him; in negligently instructing the plaintiff to perform tasks with a number of men and/or a procedure or method which would result in injury; in causing, permitting and allowing the aforesaid area to be in a hazardous and dangerous condition; in failing to inspect the area; in failing to properly supervise the area; in failing to warn the plaintiff of the defective condition; in failing to make the area safe for people to traverse and plaintiff in particular; in failing to post any warnings, signs or signals at the premises warning members of the public, and more particularly the plaintiff herein, of the said dangerous and hazardous conditions; in failing to erect barriers, barricades or guards around the hazardous area so as to protect the public in general and the plaintiff in particular; in failing to give the plaintiff any warnings or signals of the dangerous conditions which existed; in allowing the area to be, become and remain in a dangerous condition; in failing to timely and safely remedy the dangerous condition; in causing, permitting and allowing a nuisance to be, become and remain at the subject location; in failing to abate a nuisance; in that the defendants had a duty to maintain the area in a safe condition; in allowing the said area to remain in a

defective, dangerous and hazardous condition; in causing, permitting and allowing the aforementioned area to be in a dangerous and hazardous condition for a period of time in which it had notice and knowledge, actual and/or constructive of the condition; in causing and permitting the area to exist in an unclean, dangerous and hazardous condition so that pedestrians, and plaintiff in particular, were liable to slip and/or fall; in allowing the area to be, become and remain unsafe; in failing to timely shovel, sweep and/or apply salt or sand to said area so as to keep it free of water/snow/ice/slush; in causing, allowing, suffering and or permitting the melting and refreezing of the snow bank adjacent to the path upon the roadway; in failing to properly maintain and inspect the aforesaid location when the defendant knew or should have known that same was in a defective and/or dangerous condition; in failing to take precautions to prevent the accident herein; in causing, permitting and allowing water to collect and pool at the subject location; in causing, permitting and allowing said water to freeze at the subject location; in causing, permitting and allowing said icy condition to remain at said location; in violating its own safety rules and regulations including General Safety instructions sections 100.0 (4) (failing to keep work area, and facilities clean, orderly and free of unprotected hazards), 200.1 (failing to warn co-workers of unsafe conditions), 200.2 (failing to warn employees of unusual hazards, personally and continuously supervise work), and accustomed practice in the industry; 29 CFR Sections 1910.22(a)(1) in failing to keep the walking surface clean,

orderly and in sanitary condition; 1910.22 (c)  provide, and ensure each employee uses, a safe means of access and egress to and from walking-working surfaces; 1910.22 (d) Walking-working surfaces are inspected, regularly and as necessary, and maintained in a safe condition; (2) Hazardous conditions on walking-working surfaces are corrected or repaired before an employee uses the walking-working surface again. If the correction or repair cannot be made immediately, the hazard must be guarded to prevent employees from using the walking-working surface until the hazard is corrected or repaired; Section 1926.20 in failing to perform adequate inspection of the job site; 1926.21(b)(2) in failing to instruct the plaintiff in the recognition and avoidance of unsafe conditions; 1926.34 in failing to arrange and maintain said station so as to provide free and unobstructed egress at all times; and in failing to avoid causing serious injuries to the plaintiff and it was otherwise negligent therein.

**FOURTEENTH**: Said accident and the injuries resulting therefrom were due to the negligence of defendant METRO-NORTH COMMUTER RAILROAD, its agents, servants and employees, and the defects in defendant's property and equipment as aforesaid, without any fault or negligence on the part of plaintiff VELBERT PERRY, JR. contributing thereto.

**FIFTEENTH**: By reason of the premises, plaintiff was severely and seriously injured; suffered and will continue in the future to suffer pain and injury; has become sick, sore, lame and disabled, and will be permanently injured; has lost and will lose

6

in the future sums of money which he otherwise would have earned; has been compelled to spend sums of money and incur such expenses in the future.

**SIXTEENTH**: As a result of the aforesaid, plaintiff VELBERT PERRY, JR., was caused to sustain serious personal injuries and be damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

### AS AND FOR A SECOND CAUSE OF ACTION BY PLAINTIFF VELBERT PERRY, JR. AGAINST DEFENDANT THE CITY OF YONKERS

**SEVENTEENTH**: This State Claim against the defendant CITY OF YONKERS is so related to the Federal Claim (FELA Claim) against defendant METRO-NORTH COMMUTER RAILROAD that they form the same case or controversy and pursuant to 28 U.S.C. Section 1367 this Court has supplemental jurisdiction over this claim.

**EIGHTEENTH**: Plaintiff, VELBERT PERRY, JR., repeats, reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "FIRST" through "SIXTEENTH" inclusive with the same force and effect as if hereinafter set forth fully at length.

**NINETEENTH**: That this action falls within one or more of the exemptions set forth in CPLR § 1602.

**TWENTIETH**: That at all times herein mentioned, defendant, THE CITY OF YONKERS, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

**TWENTY-FIRST**: That the date of accrual of all causes of action against the defendant, THE CITY OF YONKERS, is March 20, 2017, and that a verified notice of claim was served in compliance with the requirements of the General Municipal Law - Section 50-e, within ninety (90) days of the date of accrual, upon the defendant, THE CITY OF YONKERS, on the 25th day of May, 2017.

**TWENTY-SECOND**: That more than thirty (30) days have elapsed since the service of the notice of claim upon the defendant, THE CITY OF YONKERS, and that adjustment or payment has been refused or neglected.

**TWENTY-THIRD**: That pursuant to the General Municipal Law - Section 50-h (5) a hearing has been held of the plaintiffs by defendant, CITY OF YONKERS, on the 17th day of August, 2017.

**TWENTY-FOURTH**: That this action is being commenced within one (1) year and ninety (90) days of the date of accrual of all causes of action.

**TWENTY-FIFTH**:  That the Plaintiffs have complied with all conditions precedent relative to the commencement of the within action as against defendant, THE CITY OF YONKERS.

**TWENTY-SIXTH**: That at all times herein mentioned, the defendant, THE CITY OF YONKERS, was the owner of the public roadway located on the southerly side of Ludlow Street between Bridge Street and Fernbrook Street, in the City of Yonkers, County of Westchester and State of New York.

**TWENTY-SEVENTH**: That the sidewalk and roadway of Ludlow

Street between Bridge Street and Fernbrook Street was a much traveled thoroughfare, near the center of the City of Yonkers, and the sidewalk and roadway thereof are and were at all times herein mentioned in constant use by citizens of said defendant, THE CITY OF YONKERS, and others and said sidewalk and roadway were within the bounds of defendant, THE CITY OF YONKERS.

**TWENTY-EIGHTH**: That on and before March 20, 2017 defendant, THE CITY OF YONKERS, by its Department of Parks and Recreation did cause the snow and ice which had on March 14, 2017 accumulated upon the southerly sidewalk of Ludlow Street between Bridge Street and Fernwood street adjacent to the stairway leading to the New York Bound platform of the Metro North Commuter Rail Station to be removed from the sidewalk and piled in the roadway adjacent to said sidewalk.

**TWENTY-NINTH**: That on and before March 20, 2017 the defendant THE CITY OF YONKERS by its Department of Parks and Recreation did cause there to be created a path in the snow/ice pile in the roadway directly in front of the stairway leading to the New York Bound platform of the Metro North Commuter Rail Station.

**THIRTIETH**: Defendant THE CITY OF YONKERS' action in removing the snow and ice from said sidewalk and piling it in the roadway of Ludlow Street and making an opening in the pile to access the sidewalk from the roadway, caused, allowed, suffered and or permitted the snow pile to melt and refreeze and create a dangerous icy condition (black ice) upon which the plaintiff

9

VELBERT PERRY JR., did later slip and fall.

**THIRTY-FIRST**: The defendant THE CITY OF YONKERS' snow removal procedures of removing snow and ice accumulations from the sidewalk of Ludlow Street at said location and depositing it in to the roadway adjacent to the sidewalk resulted in snow piles in the roadway which presented the known and foreseeable risk of melting and refreezing with the formation of black ice from that piling of snow which would require salting, sanding or other remedial action to prevent the creation of an unsafe and dangerous condition.

**THIRTY-SECOND**: On March 20, 2017, said roadway at said location was covered with solid ice which was so clear as to be invisible (black ice) and the surface thereof was extremely slippery and impossible to walk upon without great danger of falling, and said condition was liable, if not certain to cause injury to any person attempting to pass over it.

**THIRTY-THIRD**: Said unsafe and dangerous condition of said roadway, had been carelessly and negligently allowed to exist and remain for many days prior to March 20, 2017.

**THIRTY-FOURTH**: Said unsafe and dangerous condition of the roadway of Ludlow Street existed for so long a period that the defendant CITY OF YONKERS should have discovered and remedied it in the exercise of reasonable care.

10

**THIRTY-FIFTH**: That on and before March 20, 2017 defendant CITY OF YONKERS maintained a public nuisance in that it did cause, allow, suffer and/or permit water snow and ice with the change of climatic conditions to accumulate and to be artificially and unnaturally deposited upon the paved part of the roadway of Ludlow Street in front of the Metro North Commuter Railroad Station and that said ice was not covered with sand or salt, said water was not diverted and kept off the roadway, that no warning sign or signal was placed to warn the public of the dangerous condition which then and here existed.

**THIRTY-SIXTH**: The defendant THE CITY OF YONKERS' prior written notice statute (Charter of City of Yonkers Section C24-11)does not exempt it from liability as a matter of law where the defendant's negligence in the maintenance of its roadway triggered the development of black ice as the ambient temperature shifted in that black ice that forms from shoveling snow (see. Marco v Village of Mount Kisco, 16 N.Y.3d 111, 944 N.E.2d 1098, 919 N.Y.S.2d 459 (2010); Larenas v. Incorporated Vil. of Garden City, 143 A.D.3d 777; 39 N.Y.3d 204 (2d Dept 2014); see also Brown v. City of Yonkers, 119 A.D.3d 881, 989 N.Y.S.2d 886 (2d Dept. 2014).

**THIRTY-SEVENTH**: That the aforesaid occurrence was caused wholly and solely by reason of the carelessness, recklessness and negligence of the defendant THE CITY OF YONKERS in causing, permitting and allowing the roadway to be in a state of dangerous

11

disrepair; in causing, permitting and allowing the aforesaid roadway to be in a hazardous and dangerous condition; in failing to inspect the roadway; in failing to properly maintain the roadway; in failing to properly supervise and attend to the roadway; in failing to warn the plaintiff of the dangerous and defective condition of the roadway at that location; in failing to make the area safe for people to traverse and plaintiff in particular; in failing to erect barriers, barricades or guards around the hazardous condition so as to protect the public in general and the plaintiff in particular; in failing to take adequate precautions to keep the roadway in a reasonably safe condition; in allowing the said roadway to be and remain covered by black ice thus causing a dangerous and hazardous condition; in causing and allowing said black ice to form; in failing to remove said ice from the surface of said roadway after a reasonable time to do so had passed; in failing to provide to plaintiff and others a safe path with which to traverse said roadway; in causing, permitting and allowing the aforementioned roadway to be in a dangerous and hazardous condition for a period of time in which it had notice and knowledge, actual and/or constructive of the icy condition; in creating a nuisance; in causing, allowing and permitting said roadway at the place above mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in failing to maintain the aforesaid roadway in a

reasonably safe and proper condition; in causing, allowing and permitting an obstruction to plaintiff's safe passage; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on said roadway; in failing to provide a safe path through the snow piles lining the roadway which was safe and secure for pedestrians; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of said dangerous and defective condition; in negligently and carelessly causing and permitting the above said location to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in causing, allowing, suffering and/or permitting the accumulated snow to melt and refreeze and to form  black ice on the opening in the snow piles that had been provided for pedestrian use on the roadway; in failing to sand, salt or otherwise treat the roadway to prevent formation of ice or to remedy ice which had formed from melting and refreezing; in failing to heed the particular physical characteristic of this roadway which was situated on a bridge over the railroad; in failing to take suitable and proper precautions for the safety of persons on and traversing said roadway; in failing to properly remove snow and ice thereat; in failing to sand, salt and/or shovel or otherwise provide a safe surface to traverse; in failing to apply sand or ash, apply mats

13

or otherwise provide a safe surface to traverse; in taking only partial and inadequate remedial measures; in performing partial and inadequate remedial measures and thereby exacerbating the dangerous and slippery condition; in violating its duties and obligations pursuant to New York Consolidated Laws, Railroad Law - RRD Section 93 (Repair of bridges and subways at crossings); and in being otherwise negligent and careless.

**THIRTY-EIGHTH**: As a result of the aforesaid plaintiff VELBERT PERRY, JR. was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, some of the aforesaid injuries are permanent and lasting in nature; plaintiff was incapacitated from his usual vocation and avocation and was caused to undergo medical care and attention all to his damage in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter; together with the costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION BY PLAINTIFF FLOR PERRY AGAINST DEFENDANT THE CITY OF YONKERS

**THIRTY-NINTH**: Plaintiff, FLOR PERRY, repeats, reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "FIRST" through "THIRTY-EIGHTH" inclusive with the same force and effect as if hereinafter set forth fully at

14

length.

**FORTIETH**: That the date of accrual of all causes of action against the defendant THE CITY OF YONKERS is March 20, 2017, and that a verified notice of claim was served in compliance with the requirements of the General Municipal Law - Section 50-e, within ninety (90) days of the date of accrual, upon the defendant THE CITY OF YONKERS, on the 25th day of May, 2017.

**FORTY-FIRST**: That more than thirty (30) days have elapsed since the service of the notice of claim upon the defendant, THE CITY OF YONKERS and that adjustment or payment has been refused or neglected.

**FORTY-SECOND**: That defendant waived the General Municipal Law - Section 50-h (5) hearing of this plaintiff

**FORTY-THIRD**: That this action is being commenced within one (1) year and ninety (90) days of the date of accrual of all causes of action.

**FORTY-FOURTH**: That the Plaintiffs have complied with all conditions precedent relative to the commencement of the within action as against defendant, THE CITY OF YONKERS.

**FORTY-FIFTH**: The plaintiff, FLOR PERRY, is the wife of plaintiff, VELBERT PERRY JR., and they reside together as husband and wife.

**FORTY-SIXTH**: As a result of the aforesaid occurrence, plaintiff, FLOR PERRY, was caused to be deprived of the services, society, support, care, consortium and companionship of her husband and expended and became obligated to expend sums of money

for medical care and attention on his behalf all to her damage in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

**FORTY-SEVENTH:** Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiffs hereby demand a trial by jury in the above-captioned action of all issues triable by jury.

**WHEREFORE**, plaintiffs demand judgment against the defendants, for each cause of action, in an amount that exceeds the minimum jurisdictional requirement of this court, all together with the costs and disbursements of this action.

Dated:   New York, New York
         November 15, 2017

                Respectfully submitted,

                LAW OFFICE OF PHILIP P. VOGT, PLLC
                Attorneys for Plaintiff

                By: _____
                Philip P. Vogt (PPV0377)
                5 Penn Plaza, 23rd Floor
                New York, NY  10001
                (212) 835-1640
                philippvogt@pvogtlaw.com